UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06440-FWS-CTS Date: November 3, 2026
Title: Nikolay Tahmazyan v. David J Venturella *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]**

Petitioner Nikolay Tahmazyan brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against various government Respondents regarding his civil detention. (Dkt. 1 ("Petition" or "Pet.").) Petitioner "is a 61-year-old citizen of Armenia" who entered "the country on October 30, 2021" when "U.S. Customs and Border Protection ("CBP") inspected him at a port of entry and paroled him." (*Id.* ¶ 1.) "His asylum claim is pending before U.S. Citizenship and Immigration Services ("USCIS") as a derivative on his wife's Form I-589." (*Id.*) On November 13, 2024, an immigration judge terminated his removal proceedings. (*Id.*)

"On October 15, 2026, Petitioner and his wife appeared for their affirmative asylum interview." (*Id.* ¶ 1.) During the interview, Petitioner's "wife developed symptoms of a panic attack, and an asylum officer called an ambulance." (*Id.*) "Petitioner was separated from her and from counsel and taken upstairs with an interpreter to answer what he was told were "mandatory" questions." (*Id.*) Officers of U.S. Immigration and Customs Enforcement ("ICE") then arrested Petitioner. (*Id.*) Petitioner has been in custody since then.

Petitioner has "serious, documented cardiovascular disease." (*Id.* ¶ 1.) "His medical records show hypertension that has required emergency intravenous treatment, a prior stroke, and a November 2024 hospitalization for a blood clot in a major abdominal artery with suspected vasculitis." (*Id.*) "Petitioner asked for medical help on the day of his arrest, and his family repeatedly told ICE staff about his heart condition, the blood in his left eye, and the pain

in his right leg." (*Id.* ¶ 3.) "[O]n October 19, 2026, staff at the Adelanto ICE Processing Center told him that his 'heart was not doing well' and sent him by ambulance to an outside emergency hospital" where he spent seven hours before being returned to Adelanto. (*Id.*) "He now reports to his family that he suffers severe chest pain every day, that he feels he is on the verge of a heart attack, and that he is not receiving the medications he needs." (*Id.*) "A physician who reviewed his records concludes that his continued detention places him at a substantial risk of serious harm, including stroke and recurrent arterial thrombosis." (*Id.*; Hanna Decl. ¶ 17).

Before the court is Petitioner's *Ex Parte* Application for Temporary Restraining Order. (Dkt. 2 ("Application" or "App.").) In the Application, Petitioner requests that the court order "Mr. Tahmazyan's immediate release on appropriate conditions, enter the related relief, and issue an order to show cause regarding a preliminary injunction." (App. at 21.)

At the court's direction, (Dkt. 8), Respondents filed a Response to the Application. (Dkt. 12 ("Resp.").) In the Response, Respondents state that "they are not presenting an opposition argument as to the release sought by the Application, i.e. the request for an order releasing the Petitioner under the same terms of supervision that had applied to him prior to his recent redetention." (Resp. at 1.) Respondents "further submit that such relief is essentially dispositive of the relief sought by the underlying Petition, and on that basis the Petition should be dismissed as moot or in the alternative as speculative if Petitioner is ordered released by granting the Application." (Id.)

Based on the record, as applied to the relevant law, in the court's discretion, and in an abundance of caution, the court **ORDERS** as follows[1]:

**1.** The Application is **GRANTED IN PART**.

[1] The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06440-FWS-CTS Date: November 3, 2026
Title: Nikolay Tahmazyan v. David J Venturella *et al.*

**2.** Respondents are **ORDERED** to release Petitioner Nikolay Tahmazyan (A No. 220-760-991) from custody under the same terms of supervision that had applied to him prior to his recent redetention on or before **November 4, 2026 at 2:00 p.m**.

**3.** Until Petitioner is released, Respondents are **ORDERED** to provide him all medical care recommended by his treating providers; notify his counsel within 24 hours of any hospitalization or emergency transport; and produce his medical records to counsel within 48 hours;

**4.** Respondents are **ENJOINED** from (1) transferring Petitioner outside the Central District of California; and (2) re-detaining Petitioner while this case is pending unless Petitioner is provided an individualized hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

On or before **November 5, 2026**, Respondents are **ORDERED** to file a status report on Petitioner's release from custody. At that time, Petitioner's underlying Petition will be **DISMISSED AS MOOT**.

**IT IS SO ORDERED.**