UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06440-FWS-CTS Date: November 16, 2026
Title: Nikolay Tahmazyan v. David J Venturella *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DIMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AS MOOT [1]**

Petitioner Nikolay Tahmazyan brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against various government Respondents regarding his civil detention. (Dkt. 1 ("Petition" or "Pet.").) On October 30, 2026, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order. (Dkt. 2.) Respondents did not oppose the Application but argued that the "Petition should be dismissed as moot or in the alternative as speculative if Petitioner is ordered released." (Dkt. 10.) On November 3, 2026, the court granted Petitioner's unopposed Application and ordered Petitioner be released by November 4, 2026. On November 5, 2026, Respondents filed a notice of compliance confirming that Petitioner had been released from detention. (Dkt. 12.)

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987); *see also NASD Disp. Resol., Inc. v. Jud. Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding appeal to be moot when the plaintiffs had already been granted the relief they sought). Courts have an obligation to consider mootness *sua sponte*, and should deny requested relief where it is superfluous. *In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005). The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-06440-FWS-CTS Date: November 16, 2026
Title: Nikolay Tahmazyan v. David J Venturella *et al.*

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.* "Collateral consequences create concrete legal disadvantages." *Alam v. Carter*, 843 F. Appx. 953, 954 (9th Cir. 2021) (internal quotation marks omitted).

Based on the record, as applied to the relevant law, the court finds Petitioner's release "does not give rise to collateral consequences that are redressable by success on his original petition." *Abdala*, 488 F.3d at 1065; *see Mejia v. Semaia*, 2025 WL 2633165, *2 (C.D. Cal. 2025) ("[I]f release from custody fully resolves the claims raised in a habeas petition, the claims are indeed moot."). The effect of the relief granted in the TRO was to put Petitioner in the position he would have been were he never detained. In addition, the court finds that any concern regarding possible future re-detention appears to be "speculative and hypothetical." *Alam*, 843 F.Appx. at 954; *see id.* (holding that the petitioner's release from detention mooted his petition for a writ of habeas corpus and that "[a]ny risk of re-detention does not save his petition from mootness, as he was released pursuant to court order and there is thus a legal impediment to his re-detention").

Accordingly, because Petitioner has been released from civil detention following the court's order granting his *Ex Parte* Application for Temporary Restraining Order, (Dkt. 11), the underlying Petition is **DISMISSED AS MOOT**.

**IT IS SO ORDERED.**